UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AYONNA K. COLLINS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:20-cv-02220 |
| RECEIVABLES PERFORMANCE MANAGEMENT, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

**NOW COMES** Ayonna K. Collins ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Receivables Performance Management, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Illinois, a substantial portion the events or omissions giving rise to the claims occurred within the Northern District of Illinois, and Plaintiff resides in the Northern District of Illinois.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "consumer" as defined by 15 U.S.C. §1692a(3).

5. Defendant is a corporation engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due using the mail and telephone from consumers across the country, including consumers in the state of Illinois. Defendant's principal place of business is located at 20818 44th Avenue West, Suite 240, Lynnwood, Washington 98036.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. Prior to the conduct giving rise to this action, Plaintiff acquired a medical-related debt ("subject debt").

8. Plaintiff, a Medicare and Medicaid recipient, believed that the doctor visit should have been completely covered by insurance.

9. Sometime thereafter, Defendant acquired the rights to collect upon the defaulted subject debt.

10. In or around October 2019, Plaintiff began receiving collection phone calls to her cellular phone number (773) XXX-2640 from Defendant attempting to collect the subject debt.

11. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 2640. Plaintiff is and has always been financially responsible for the cellular phone and its services.

12. Soon after calls began, Plaintiff emailed and mailed Cease and Desist letters to Defendant, notifying that she did not want to receive calls regarding the subject debt.

13. Notwithstanding Plaintiff's request that Defendant cease placing phone calls, Defendant continued to place multiple phone calls to Plaintiff's cellular phone.

14. On or around December 21, 2019, Plaintiff sent another email to Defendant at escalations@receivablesperformance.com stating that she requests to cease and desist all contact with Plaintiff.

15. On or around December 27, 2019, Plaintiff answered a phone call from Defendant and informed Defendant's representative that she disputes the debt, as she is covered by Medicare and Medicaid. During this phone call, Plaintiff *again* asked Defendant to cease contacting her.

16. However, Defendant continued placing calls to Plaintiff's cellular phone despite her multiple requests that Defendant stop calling her.

17. Notwithstanding Plaintiff's multiple requests that Defendant cease placing phone calls to her cellular phone, Defendant placed or caused to be placed multiple harassing phone calls to Plaintiff's cellular phone between October 2019 to the present day.

18. The phone numbers that Defendant most often uses to contact Plaintiff is (866) 216-3074, (815) 553-3592, and (267) 507-4989, but upon information and belief, it may have used multiple other phone numbers to place phone calls to Plaintiff's cellular phone number without her consent.

### DAMAGES

19. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon

and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

21. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

22. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

26. Moreover, Defendant is a "debt collector" because it acquired rights to the debt after it was in default. 15 U.S.C. §1692a(6).

27. The debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

4

28. Defendant used the phone to attempt to collect the debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

29. Defendant's communications to Plaintiff were made in connection with the collection of the debt.

30. Defendant violated 15 U.S.C. §§1692c(a)(1), d, and d(5) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

    **a. Violations of FDCPA § 1692c**

31. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop calling her, and disputing the debt, Defendant continued calling with the specific goal of abusing Plaintiff into making a payment on the subject debt.

32. Defendant violated §1692c(c) when it continued to place collection calls to Plaintiff's cellular phone after Plaintiff sent written communication stating that she disputes the debt and no longer wants to receive any communication regarding the debt. Specifically, Plaintiff's December 21, 2019 correspondence to Defendant stated: "This letter is a request to Cease and Desist all contact with me. At home and by mail. This request is made in pursuant to the Fair Debt Collection Practices Act…"

33. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her. Despite its actual knowledge, Defendant continued to place calls to Plaintiff's cellular phone without her consent.

### b. Violations of FDCPA § 1692d

34. Defendant violated §1692d by engaging in abusive and harassing conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing calls after Plaintiff demanded Defendant stop calling her.

35. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Furthermore, Defendant continued to place these calls after Plaintiff informed Defendant its calls were not welcome. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from October 2019 through the present day without her prior consent.

36. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

37. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff AYONNA K. COLLINS respectfully requests that this Honorable Court:
  a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
  c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
  d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: April 9, 2020	Respectfully Submitted,

        /s/ Alexander J. Taylor
        /s/ Omar T. Sulaiman
        Alexander J. Taylor, Esq.
        Omar T. Sulaiman, Esq.
        Sulaiman Law Group, Ltd.
        2500 South Highland Avenue, Suite 200
        Lombard, IL 60148
        Telephone: (630) 575-8181
        ataylor@sulaimanlaw.com
        osulaiman@sulaimanlaw.com
        *Counsel for Plaintiff*